COPLEN *v.* TEXARKANA TIRE HOUSE.

Opinion delivered March 28, 1921.

1. APPEAL AND ERROR—ORDER DIRECTING VERDICT.—On appeal from an order directing a verdict, the highest probative value will be given to the testimony opposed to that action.

2. SALES—BURDEN OF PROOF.—A vendor selling automobile tires has the burden of proving an agreement, express or implied, to pay for such tires.

3. SALES—DIRECTION OF VERDICT.—In an action for the purchase price of automobile tires, it was error to direct a verdict for the plaintiff where under the evidence it was a question whether the tires were sold to defendant or to another, and also whether the tire company had ratified an agreement by its agent to replace defendant's old tires with new ones free of charge.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; reversed.

*H. M. Barney,* for appellant.

1. It was error to direct a verdict, as there was some evidence to sustain the issue in favor of appellant. The rule is to take that view of the evidence most favorable to the party against whom the verdict is directed. 135 Ark. 542.

2. Where there is any evidence tending to establish an issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury. 89 Ark. 368; 103 *Id.* 401.

3. The theory of defendant is established by the evidence. Fraud avoids a contract *ab initio* at law and in equity. 22 Ark. 517; 13 S. W. 935. There was fraud in the delivery of the tires, and appellee had no right to sue, even on a *quantum meruit.* The case should have been submitted to a jury.

*Pratt P. Bacon* and *A. S. Gibson,* for appellee.

The case was tried below, and the court directed a verdict upon the theory that the burden was on the appellant to prove that the unknown representative was the agent of the Firestone Rubber Company and that he had the authority to make adjustments of the kind in

question. Where a case is tried in the lower court upon a definite theory, it can not, for the first time on appeal, be contended that it should have been tried on a different theory. 64 Ark. 257; 83 *Id.* 382; 101 *Id.* 101; 109 *Id.* 527. In the light of the above authorities, appellant's argument that the Texarkana Tire House extended credit to N. H. Williamson is futile.

One who deals with an agent is put upon notice of the limitations of his authority and must ascertain what that authority is, and, if he fails to do so, he deals with the agent at his peril. 105 Ark. 111; 117 *Id.* 173; 140 *Id.* 306. See also appellant's requested instruction No. 7.

There is not a word of proof in the record as to the authority of the representative of the Firestone Rubber Company, or whether he was such a representative of said company, and all the proof in the record as to the authority of the tire house representative is that introduced by appellee, which shows that the tire house man did *not* have the authority to make such an agreement as that claimed by appellant. Neither is there any evidence tending to show that appellee was in any sense the agent of the Firestone Rubber Company. Appellant was dealing with an alleged unnamed agent of the Firestone Rubber Company and with an agent of appellee. It was appellant's duty to ascertain the authority of both of said agents, and if he failed to do so he dealt with them at his peril. The burden was on appellant to prove the agency and the authority of the agents, and, on his failure to discharge this burden, the court could do nothing except instruct a verdict against him. The judgment is right and should be affirmed.

SMITH, J. The Texarkana Tire House, a Texas corporation, sued and recovered judgment against appellant for $329.82, the sales price of two solid tires 36x12. The verdict was returned under the direction of the court.

The testimony on the part of plaintiff showed an ordinary sale and a failure to pay; but, as the verdict

was directed by the court, we must give to the testimony opposed to that action its highest probative value...

The testimony on appellant's behalf was to the following effect. Appellant bought a truck from a dealer named Williamson, who guaranteed the tires thereon. The tires were manufactured by the Firestone Company, which had a branch office in Dallas, Texas. Appellant used the truck for a short time, when the tires began to crumble and gave way. Appellant reported the fact to Williamson, who took the matter up with a representative of the Firestone Company. An appointment was made to meet this representative at the office of appellee. Appellee was the distributing agent for the Firestone Company in the Texarkana territory. The representative of the Firestone Company examined the tires at appellee's office, saw they were defective, and stated that the rubber had been cooked too long, and directed a Mr. Villars, the assistant manager of appellee, who was present and saw the examination, to order a new pair of tires and to do so without charge. According to appellant, he took no part in these negotiations. All the negotiations were between Williamson, Villars, and the Firestone Company's reputed representative, and appellant supposed the investigation of the tires and the subsequent conversations in regard thereto all related to Williamson's warranty, the existence of a breach of it, and the manner of making the warranty good. Appellant did not order any new tires, none were ordered for him, and the whole transaction, as he understood it, was between Williamson, who had sold him the tires and had guaranteed them, and the agent of appellee and the representative of the Firestone Tire Company. Williamson fully corroborated appellant.

Appellant testified that the tires on the truck were 36x10, and after the Firestone Company's representative gave orders to Villars to replace the tires without charge, appellant stated that he would prefer tires 36x12, and asked if he could be allowed to pay the difference in the cost and get a 12-inch tire instead. This was assented

to, and appellant understood he would only be expected to pay the difference, amounting to $40, and that he has since been ready, and is now willing, to pay that difference.  Later appellee notified appellant that the new tires had arrived.  The truck was carried to appellee's place of business, where the old tires were removed and the new tires were placed on the truck.  Appellee took charge of the old tires, and has them yet, so far as appellant is advised.  Nothing was said at the time about paying for the new tires, and appellant left the old ones with appellee, thinking they were no longer his property.

On the part of the appellee, testimony was offered to the effect that it was a mere selling agent for the Firestone Company, that it had no authority to guarantee tires, or to make guarantees good, on selling Firestone tires, and that it had paid for the tires purchased for appellant's truck.  Villars contradicted appellant and Williamson as to what was said and done when the tires were ordered; but we must, of course, assume, in view of the record in the case, that this conflict in the testimony would have been resolved by the jury in appellant's favor.

The testimony did not show the authority of the reputed representative of the Firestone Company to make the adjustment claimed, and Villars disclaimed any authority on his part to bind appellee to any agreement in regard to replacing tires; and the action of the court in directing the verdict is defended because of the absence of this showing of authority on the part of Villars, or the reputed representative of the Firestone Company.

We think a case was made for the jury.  It will be observed that this is not a suit against appellee wherein it is sought to charge appellee with responsibility and liability for the act of an agent.  Appellee brought the suit, and, to recover, must show an agreement, either express or implied, on appellant's part to pay for the tires.

Under the testimony set out above, the jury might have found that the sale was to Williamson, and not to appellant, and that appellant's only obligation was to pay the difference between the price of a ten and a twelve-

inch tire. Moreover, the jury might have found, if the testimony set out above had been accepted as true, that Villars, under the direction of the reputed representative of the Firestone Company, had agreed to replace the tires without charge in fulfillment of Williamson's guaranty, and that appellant accepted the tires under this belief. Appellant might not have been willing to accept another pair of Firestone tires if he had known he would be expected to pay for them.

Under this view of the testimony, it is not a question of the authority either of Villars to bind appellee or of the authority of the reputed representative of the Firestone Company to bind that company. Villars was in fact an agent of appellee and professedly was acting for it. Appellee apparently ratified what Villars did, and, so far as appellant knew, appellee had done so. If appellee was unwilling to be bound by the act of its own agent, or to rely upon its agent's statement as to what the trade was, then some other agent or representative of appellee higher in authority than Villars should have confirmed the terms of the contract before apparently complying with it. Section 1723 of Mechem on Agency (2 ed.).

Both these defenses should have been submitted to the jury with directions to find for appellant if either defense was established by the testimony.

The judgment is therefore reversed, and the cause remanded for a new trial.